

1  Arthur S. Beeman (SBN 237996)
   arthur.beeman@snrdenton.com
2  Pamela K. Fulmer (SBN 154736)
   pamela.fulmer@snrdenton.com
3  Jennifer D. Bennett (SBN 235196)
   jennifer.bennett@snrdenton.com
4  SNR Denton US LLP
   525 Market Street, 26th Floor
5  San Francisco, CA  94105-2708
   Telephone:  (415) 882-5000
6  Facsimile:  (415) 882-0300

7  Matthew C. Wolf (SBN 223051)
   SNR Denton US LLP
8  601 S. Figueroa Street, Suite 2500
   Los Angeles, CA  90017-5704
9  Telephone:  (213) 892-5023
   Facsimile:  (213) 892-9924

10

11 Attorneys for Plaintiffs
   ROVI CORPORATION, and
12 ROVI GUIDES, INC.

13



FILED
CLERK U.S. DISTRICT COURT

NOV 14 2011

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

14              UNITED STATES DISTRICT COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16 ROVI CORPORATION, a Delaware          No. CV11-9184-R(FFMx)
   corporation; and ROVI GUIDES, INC.,
17 a Delaware corporation,               **ROVI CORPORATION AND ROVI
                                         GUIDES, INC.'S COMPLAINT
18              Plaintiffs,              FOR:**

19              v.                       **(1) BREACH OF CONTRACT,**

20 ALTICAST CORP., a corporation of the  **(2) UNJUST ENRICHMENT,**
   Republic of Korea,
21                                       **(3) BREACH OF THE IMPLIED
              Defendant.                 COVENANT OF GOOD FAITH
22                                       AND FAIR DEALING, AND**

23                                       **(4) FRAUD**

24                                       **[REDACTED PURSUANT TO
                                         NOVEMBER 4, 2011 ORDER]**
25

26                     __COMPLAINT__

27 Plaintiffs Rovi Corporation ("Rovi Corp.") and Rovi Guides, Inc. ("Rovi

28 Guides") (Rovi Corp. and Rovi Guides, collectively, "Rovi"), by and through their

attorneys, bring this action against Defendant Alticast Corp. ("Alticast") and allege as follows:

### JURISDICTION

1.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Rovi, on the one hand, and Alticast, on the other hand, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Plaintiffs Rovi Corp. and Rovi Guides are Delaware corporations.  Plaintiffs are informed and believe and on that basis allege that Defendant Alticast is a corporation of the Republic of Korea.

### VENUE

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(a)(2) and (d) because a substantial part of the events or omissions giving rise to the claim occurred in this district and

REDACTED

### PARTIES

3.     Rovi Corp. is a Delaware corporation with its principal place of business at 2830 De La Cruz, Boulevard, Santa Clara, California, 95050.

4.     On or about May 2, 2008, Rovi Corp. (Rovi Corp. was named Macrovision Corporation at that time) acquired Gemstar-TV Guide International, Inc. ("Gemstar"), a Delaware corporation.  On October 1, 2009, Gemstar changed its name to Rovi Guides, Inc.  Rovi Guides is a Delaware corporation with its principal place of business at 2830 De La Cruz, Boulevard, Santa Clara, California, 95050.

5.     Rovi is informed and believes, and based thereon alleges, that Defendant Alticast is a corporation of the Republic of Korea, with its principal place

of business at 18th Fl. Nara Jonghap Keumyung Building, Seocho-2 dong 1328-3, Seocho-Ku, Seoul, Korea 137-858.

## GENERAL ALLEGATIONS

6.  Rovi restates the allegations set forth in paragraphs 1 through 5 of this complaint and incorporates them by reference herein.

A.  The IPG Agreement

7.  An interactive program guide ("IPG") is any electronic or interactive program guide by which an end-user can (i) access program information (including text, graphics and/or video) for video programming and other related services; (ii) navigate interactively through such program information; and/or (iii) access such video programming and other related services through such program information. Rovi and its related and predecessor companies have been pioneers in the design, development and commercialization of IPGs and IPG technology for more than 20 years.

8.  Rovi Guides (with its related companies) is the owner of an international patent portfolio relating generally to IPG systems, methods, and features. Rovi Guides licenses its IPG patent portfolio throughout the world to product manufacturers, service providers, and others to allow them to design and deploy their own IPG products and systems that make use of Rovi's patented IPG inventions.

9.  Rovi is informed and believes, and on that basis alleges, that Alticast is a provider of IPGs for service providers, i.e., providers of multi-channel programming distribution systems that distribute programming services via cable, satellite, and/or digital subscriber lines ("DSL").

10.  On or about September 1, 2005, Gemstar and Alticast entered into the IPG Agreement.  A true and correct copy of the IPG Agreement is attached hereto as Exhibit 1.

1
2
3
4
5
6
7
8
9
10
11
12
13
14

REDACTED

15   13.   On or about December 17, 2008, Rovi Guides (then Gemstar) and Alticast entered into Amendment One to Alticast Interactive Program Guide Patent License Agreement and to Alticast Interactive Program Guide Services Agreement ("Amendment One").                REDACTED

A true and correct copy of Amendment One is attached hereto as Exhibit 2.

14.   On or about May 2, 2008, Rovi Corp. acquired Gemstar, including Gemstar's IPG Patent portfolio and Gemstar's obligations under the IPG Agreement.

15.   On or about October 23, 2009, Rovi Guides and Alticast entered into Amendment Two to Alticast Interactive Program Guide Patent License Agreement and to Alticast Interactive Program Guide Services Agreement ("Amendment Two").

REDACTED

REDACTED

A true and correct copy of the Amendment Two is attached hereto as Exhibit 3.

16.   At the time Amendment Two was negotiated, Alticast failed to disclose to Rovi its dealings with C&M Co. Ltd. ("C&M"), a service provider within the Republic of Korea, for cable distribution.

17.   On or about January 3. 2011 Rovi Guides and Alticast entered into an agreement ("Jan. 3, 2011 Letter Agreement")

REDACTED

18.   Rovi is informed and believes, and on that basis alleges, that at the time the Jan. 3, 2011 Letter Agreement was negotiated, Alticast was transferring Authorized IPGs to C&M, but did not disclose its dealings with C&M to Rovi.

B.   Alticast's Breach of the IPG Agreement

19.   Since signing the IPG Agreement, Alticast reported transfers of IPGs for several Authorized Service Providers.        REDACTED
, at least as early as January of 2011, Rovi informed Alticast of Rovi's belief that Alticast had been inaccurately reporting the number of IPGs Alticast transferred pursuant to the IPG Agreement.

20.   Rovi is informed and believes, and on that basis alleges, that Alticast's underreporting falls into two general categories:  (i) reporting less than the actual

number of Authorized IPGs that Alticast transferred to identified Authorized Service Providers, such as was the case     REDACTED

, and (ii) a total failure to identify certain service providers to which Alticast transferred Authorized IPG and, as a consequence of the failure to identify, reported no transfers of Authorized IPGs.

21.   As an example of Alticast's failure to report any transfer of IPGs, Rovi is informed and believes, and on that basis alleges, that Alticast transferred numerous Authorized IPGs to C&M but failed to report to Rovi that Alticast did any business with C&M.     REDACTED

22.   Rovi is informed and believes, and on that basis alleges, that C&M has at least 2.3 million subscribers, each of which may have at least one Authorized IPG.

23.   Alticast never reported to Rovi the transfer of any Authorized IPGs to C&M and, when given the opportunity, Alticast did not deny that it transferred Authorized IPGs to C&M.

# REDACTED

25.   Alticast has not paid the amount agreed in the IPG Agreements and Amendments thereto for any Authorized IPG units transferred to C&M.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

26.   Rovi restates the allegations set forth in paragraphs 1 through 25 of this complaint and incorporate them by reference herein.

27. The IPG Agreement and the Amendments thereto constitute a valid and binding contract between Rovi Guides and Alticast.

28. To date, Alticast has refused to pay the full amount of Fees

REDACTED

29. Rovi has performed all of its obligations under the IPG Agreement and the Amendments thereto by granting Alticast a patent license to its IPG Patents.

# REDACTED

31. Rovi has suffered, and will continue to suffer, damages for each unit transferred plus interest at the legal rate until paid, as a direct and proximate result of Alticast's breach of the IPG Agreement and the Amendments thereto.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

32. Rovi restates the allegations set forth in paragraphs 1 through 31 of this complaint and incorporate them by reference herein.

33. Alticast has been unjustly enriched, to the detriment of Rovi, by receiving a patent license to the IPG Patents and failing to pay Rovi the amount owed for each of the transferred units.

34. Rovi has been and will continue to be damaged by Alticast's unjust enrichment in an amount which will be proven at trial.

## THIRD CLAIM FOR RELIEF
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

35. Rovi restate the allegations set forth in paragraphs 1 through 34 of this complaint and incorporate them by reference herein.

36. The IPG Agreement and the Amendments thereto contain an implied covenant of good faith and fair dealing, which obligates Alticast to perform the

terms and conditions of the IPG Agreement and the Amendments thereto fairly and in good faith, and to refrain from doing any act that would prevent or impede Rovi Guides from performing any or all of the conditions of the Agreement and the Amendments thereto that it agreed to perform, or any act that would deprive Rovi Guides of the benefits of the IPG Agreement and the Amendments thereto.

37.   Rovi Guides has not done anything to deprive Alticast of the benefits of the IPG Agreement and the Amendments thereto, and Rovi Guides did all, or substantially all of the significant things that the IPG Agreement and the Amendments thereto required it to do, or was excused from having to do those things.

38.   Alticast engaged in conduct in bad faith and with the intent to deprive Rovi Guides of its benefits and rights under the IPG Agreement and the Amendments thereto, which had the impact of depriving Rovi Guides of its benefits and rights under the bargain.

39.   By the acts described above, and particularly as alleged in paragraphs 19-25, Alticast breached the covenant of good faith and fair dealing implicit in the Agreement and the Amendments thereto.  These actions, *inter alia*, were undertaken in bad faith and had the effect of depriving Rovi Guides of its benefits and rights under the IPG Agreement and the Amendments thereto.

40.   As a direct and proximate result of Alticast's failure to deal fairly or in good faith, Rovi has been damaged in an amount which exceeds the jurisdictional limit of this Court, the exact amount of which will be proven at trial.

### FOURTH CLAIM FOR RELIEF
### (Fraud)

41.   Rovi restates the allegations set forth in paragraphs 1 through 40 of this complaint and incorporate them by reference herein.

42.   Alticast engaged in fraudulent conduct by misrepresenting, omitting, concealing, suppressing and/or failing to disclose material matters relating to its

dealings with C&M. Alticast's fraudulent misrepresentations, omissions, concealment, suppression and failure to disclose material facts relating to its fraudulent transactions include:

a.   developing a scheme by which it intended to "make money on both ends" by entering into a relationship with, *inter alia*, C&M; and

b.   failing in its quarterly reports to (i) identify certain service providers, including, *inter alia*, C&M, and/or (ii) report significant numbers of IPG transfers to those service providers. For example, none of the quarterly reports from the first quarter of 2008 through the second quarter of 2011 identify C&M as an Authorized Service Provider.

43.   Alticast fraudulently concealed and suppressed this information by failing to accurately and adequately disclose it to Rovi, either through its quarterly reporting of owed license fees or through any other means of communication.

44.   Alticast intended for Rovi to rely on its false and fraudulent representations, concealments and omissions, and intended to deceive Rovi.

45.   Rovi actually and reasonably relied on the above representations, concealments and omissions by, among other things, continuing to supply a license to the technology to Alticast, and agreeing to be bound by        REDACTED
,       REDACTED             , which it would not have done had it known of Alticast's fraudulent plan to deceive Rovi by exploiting the lucrative C&M relationship without compensation to Rovi.

46.   If Rovi had known the true facts of Alticast's dealings with C&M, it would not have entered into Amendment Two and would not have continued to license the technology to Alticast at the terms set forth in Amendment Two, and would have pursued a business relationship directly with C&M.

47.   As a result of Alticast's fraudulent conduct, as alleged herein, Rovi was proximately, directly and legally damaged, in an amount according to proof.

48.   Alticast's conduct and actions alleged herein were despicable, and were done maliciously, oppressively and fraudulently, with the intent to wrongfully deprive Rovi of monies, market opportunities, and to cause them injury, and with a willful and conscious disregard of Rovi's rights.

49.   The conduct alleged herein was engaged in by representatives of Alticast, and officers, directors and/or managing agents of Alticast authorized and/or ratified each and every act on which Rovi's allegations of punitive damages herein are based.  On that basis, pursuant to California Civil Code §3294, Rovi is entitled to an award of exemplary and punitive damages in an amount adequate to make an example of, and to punish and deter Alticast.

WHEREFORE, Rovi respectfully request that the Court:

A.   Enter judgment in favor of Rovi on the above causes of action;

B.   Award Rovi damages for each of the units transferred to C&M, and any other Authorized Service Provider, in accordance with the IPG Agreement and the Amendments thereto;

C.   Order Alticast to make restitution for Alticast's unjust enrichment it received from Rovi's license;

D.   Award Rovi damages for Alticast's fraudulent conduct;

E.   Award Rovi its attorneys' fees and costs pursuant to any applicable statute;

///
///
///
///
///
///
///

F.   Award Rovi interest at the legal rate;

G.   Award Rovi exemplary damages; and

H.   Award Rovi such other and further relief as the Court deems just and proper.

Dated: November 4, 2011

SNR DENTON US LLP

By _____
                    Matthew C. Wolf

Attorneys for Plaintiff
ROVI CORPORATION, and ROVI
GUIDES, INC.